```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                    :
J.C., et al.
                                    :
    v.                              :   Civil Action No. DKC 23-2019
                                    :
MONIFA B. MCKNIGHT, Superintendent
  of Montgomery County Public       :
  Schools, et al.
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") is the motion to proceed anonymously and seal the complaint and administrative record filed by Plaintiffs J.C., *et al.* ("Plaintiffs") (ECF No. 2). The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to proceed anonymously and seal the complaint and administrative record will be granted.

Plaintiffs filed a complaint on July 27, 2023, alleging violations of IDEA.  (ECF No. 1).  Plaintiffs also filed a motion to proceed anonymously and seal the complaint and administrative record, citing privacy concerns related to confidential educational records.  (ECF No. 2).  Defendants Monifa B. McKnight, *et al.* ("Defendants") consent to the motion.

Pursuant to Fed.R.Civ.P. 5.2, the name of a minor is not to be disclosed in a public filing and only the initials are to be used. Most IDEA cases, thus, redact the full name of the student. This case is different, however, because the student is now over eighteen and Plaintiffs seek to redact not only the student's name but theirs as well and to seal the administrative record.

I.  **Plaintiff's Motion to Seal the Complaint and Administrative Record**

A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given the opportunity to withdraw the materials.

Local Rule 105.11 (D.Md. 2023). This rule endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Publishing*

2

*Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  In deciding a motion to seal, the court is required to consider whether less drastic alternatives to sealing, such as filing redacted versions of the documents in question, are available.  *Knight*, 743 F.2d at 234. If it is determined that sealing is appropriate, the court must provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives.  *Id*. at 234-35.

Here, Plaintiffs have provided specific factual representations to justify the sealing of the complaint and administrative record.  As Plaintiffs note, this case concerns confidential educational records and personally identifiable information directly related to the student.  (ECF No. 2). Allowing the public access to the administrative record could cause confidential and personal information about the student's disabilities to become known.  As to these documents, the parties have shown that no alternative to sealing would provide sufficient protection, in accordance with the requirements of the Local Rules. Using initials to refer to the student would not provide sufficient protection because, as Plaintiffs explain, the release of the parents' names and address may lead to discovery of the identity of the student and his educational records.  *Id*.  A redacted version of the complaint is publicly available in accordance with Local Rules 104.13(c) and 105.11.  (ECF No. 1).  Thus, Plaintiffs

have met their burden to justify sealing the complaint and administrative record.

## II. Plaintiff's Motion to Proceed Anonymously

For similar reasons, the privacy implications of this case warrant proceeding anonymously. As a general rule, "[t]he title of the complaint must name all the parties," Fed.R.Civ.P. 10(a), and "[a]n action must be prosecuted in the name of the real party in interest," Fed.R.Civ.P. 17(a). In exceptional cases, however, a court will allow a plaintiff to protect his or her identity from the public. The United States Court of Appeals for the Fourth Circuit provides five factors to consider when weighing the need for open judicial proceedings against a litigant's concern for privacy, which include, but are not limited to:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be

4

others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D.Va. 2016). Here, the relevant factors weigh in favor of granting Plaintiffs' motion.

The first *James* factor considers whether Plaintiffs seek to proceed anonymously to "preserve privacy in a matter of sensitive and highly personal nature." *James*, 6 F.3d at 238. Plaintiffs contend that releasing confidential and personally identifiable information may jeopardize the student's educational and professional future, affect him socially, and cause emotional harm. (ECF No. 2). Plaintiffs' concerns go beyond "merely [seeking] to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Indeed, information about the student's disabilities is "sensitive and highly personal." *Id.* Thus, the first factor weighs in favor of proceeding anonymously.

The second *James* factor considers whether proceeding publicly "poses a risk of retaliatory physical or mental harm." *Id.* Plaintiffs allege that releasing confidential and personally identifiable information about the student may cause emotional harm. (ECF No. 2). Because publicizing information about the student's disabilities could cause embarrassment, the second factor weighs in favor of proceeding anonymously.

The third *James* factor considers the "ages of persons whose privacy interests are sought to be protected." *James*, 6 F.3d at

5

238.  The motion states that "student-plaintiff J.C. is a juvenile" (ECF No. 2 at 1).  The complaint, however, states that J.C. is eighteen years old (ECF No. 1 at 2).  Because he has reached the age of majority, the student is no longer entitled to "special solicitude for the privacy of a minor," which has long justified "restricting public access to information." *M.P. v. Schwartz*, 853 F. Supp. 164, 168 (D.Md. 1994).  Nevertheless, the student's age does not prohibit proceeding anonymously.  Courts have found that the third *James* factor "weighs in favor of anonymity" for eighteen- and nineteen-year-old plaintiffs because they are "*young* adults" who "may still possess the immaturity of adolescence." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D.Va. 2016) (quoting *Yacovelli v. Moeser*, No. 1:02-cv-596, 2004 WL 1144183, at *1, (M.D.N.C. May 20, 2004)).  Thus, the third factor at the very least "does not strongly favor either party," and does not preclude proceeding anonymously.  *Yacovelli v. Moeser*, No. 1:02-cv-596, 2004 WL 1144183, at *8, (M.D.N.C. May 20, 2004).

The fourth *James* factor considers whether Plaintiffs' action is against a governmental or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously. *James*, 6 F.3d, at 238.  "When a Plaintiff challenges the government or government activity, courts are more like[ly] to permit Plaintiffs to proceed under a pseudonym than if an individual has

6

been accused publicly of wrongdoing." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D.Va. 2016) (quoting *Yacovelli v. Moeser*, No. CV-596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2014)). Unlike actions against private parties, "[a]ctions against the government do no harm to its reputation[.]" *Id.* (quoting *Doe v. Pittsylvania Cty.*, 844 F.Supp.2d 724, 730 (W.D.Va. 2012)). Plaintiffs' suit challenges the government and government activity because it is against the superintendent of public schools acting in her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the fourth factor weighs in favor of proceeding anonymously because Plaintiffs' action against the government does not risk harm to the reputation of a private party.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Here, the student's and his parents' identity and address are available to Defendants, as is the administrative record. Thus, allowing Plaintiffs to proceed anonymously is not unfair to Defendants. In fact, Defendants have consented to Plaintiffs' motion.

On balance, the factors support permitting Plaintiffs to proceed anonymously.

7

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion to proceed anonymously and seal the complaint and administrative record will be granted.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
